# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARCO JOHNSON                                                CIVIL ACTION

VERSUS                                                       NO. 20-733-SDD-RLB

AGILITY FUEL SYSTEMS, INC., ET AL.

## ORDER

Before the Court is BFI Waste Services, LLC's Motion for Leave to File Complaint of Intervention filed on June 14, 2021. (R. Doc. 12). BFI represents that the parties do not object to its intervention in this action. (R. Doc. 12 at 1).

Marco Johnson ("Plaintiff") alleges that he was injured while in the course and scope of his employment at a facility in Baton Rouge, Louisiana, when a compressed natural gas cylinder ruptured. (R. Doc. 1-2). Plaintiff brings product liability claims against the current defendants Agility Fuel Systems, Inc., Agility Fuel Systems, LLC, and Agility Fuel Solutions, LLC, (collectively, the "Agility Defendants"), and the Heil Company d/b/a Heil Environmental ("Heil").

The Agility Defendants removed this action, asserting that the Court can exercise diversity jurisdiction solely under 28 U.S.C. § 1332. (R. Doc. 1). The Notice of Removal identifies the Agility Defendants as citizens of Delaware and California, and Heil as a citizen of Delaware and Tennessee. (R. Doc. 1 at 5).

BFI Waste Services, LLC ("BFI") now seeks to intervene in this action to obtain reimbursement of indemnity and medical expenses paid to, or on behalf of, Plaintiff under the Louisiana Worker's Compensation Act ("LWCA"). (R. Doc. 12). BFI alleges in its proposed pleading that it is aligned with Plaintiff in this action, and that the amount in controversy with

respect to its claim exceeds $75,000.00 (R. Doc. 12-1 at 2-3). BFI further asserts that its intervention is one "of right" under Rule 24 of the Federal Rules of Civil Procedure because it possesses an interest in the monetary damages sought by Plaintiff and its interests are not adequately protected by the other parties. (R. Doc. 12-1 at 2-3).

With respect to citizenship, BFI asserts that it is a limited liability company that is owned by Allied Waste North America, LLC, which is wholly owned by Allied Waste Industries, LLC, which, in turn, is wholly owned by Republic Services, Inc, a Delaware corporation. (R. Doc. 12-1 at 1-2). Accordingly, BFI has alleged that it is (like the current defendants) a citizen of the State of Delaware.[1]

Rule 24 of the Federal Rules of Civil Procedure governs intervention in this action. "[D]istrict courts in this circuit have found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors." *Grizer v. CF Indus., Inc.*, No. 16-145, 2017 WL 2608860, at *4 (M.D. La. May 26, 2017), *report and recommendation adopted*, 2017 WL 2604257 (M.D. La. June 15, 2017) (citing cases); *see* La. R.S. 23:1102(A)(1).

Furthermore, given that BFI is seeking to recover workers' compensation payments paid to Plaintiff, it is proper to align BFI in this action with Plaintiff. *Grizer*, 2017 WL 2608860, at *5 (aligning workers' compensation insurer seeking recovery of paid benefits with the plaintiff); *see*

---

[1] The citizenship of a limited liability company is determined by the citizenship of each of its members, not its principal place of business, the state under whose laws it is organized, or its authorization to do business in a certain state. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007). BFI identifies its layers of members, arriving at the corporation Republic Services Inc. The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). While BFI identifies the state of incorporation of Republic Services Inc. (Delaware), it fails to identify the principal place of business of Republic Services Inc. For the purposes of determining whether the Court may continue to exercise supplemental jurisdiction in this action, it is sufficient that BFI has identified itself as a citizen of Delaware.

*Dushane v. Gallagher Kaiser Corp.*, No. 05-0171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM [which alleged itself to be self-insured for workers' compensation liabilities] no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word. The difference here is that the injured employee filed his own suit, thus relegating GM to the status of putative intervenor.").

The Court must determine whether it can properly exercise supplemental jurisdiction over BFI's claims as a plaintiff-intervenor. "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 . . . the district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b); *see Griffin v. Lee*, 621 F.3d 380, 386 (5th Cir. 2010) (instructing district court to dismiss a petition of intervention filed by a non-diverse party aligned as a plaintiff and explaining that "while Congress codified the concepts of pendent and ancillary jurisdiction in § 1367(a), it apparently chose to circumscribe such jurisdiction in § 1367(b) with respect to plaintiff intervenors."). Accordingly, the Court must determine whether an exercise of supplemental jurisdiction over BFI's claims in intervention "would be inconsistent" with the exercise of diversity jurisdiction under 28 U.S.C. § 1332.

It is unclear how the Court can properly exercise supplemental jurisdiction in this action under 28 U.S.C. § 1367(b) if BFI is allowed to intervene as a plaintiff as of right under Rule 24. When considering a request to intervene as of right under Rule 24, the Court must also consider whether the non-party is required under Rule 19, and, if so, whether the action should be dismissed for lack of subject matter jurisdiction. *See Urda v. Valmont Indus., Inc.*, No. 18-1044, 2019 WL 2179225 (M.D. La. May 20, 2019); *Grizer*, 2017 WL 2608860.

Based on the foregoing,

**IT IS ORDERED** that BFI shall file a brief, **on or before July 9, 2021**, specifically addressing whether its addition as an intervenor in this action would allow the Court to continue exercising subject matter jurisdiction in this action or require dismissal of this action under Rule 19.

**IT IS FURTHER ORDERED** that the remaining parties shall file briefs, **on or before July 16, 2021**, indicating their positions with respect to the instant motion to intervene and its effect on this court's continued exercise of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on June 28, 2021.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**