## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARCO JOHNSON**                                                **CIVIL ACTION**

**VERSUS**                                                       **NO. 20-733-SDD-RLB**

**AGILITY FUEL SYSTEMS, INC., ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 7, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCO JOHNSON                                        CIVIL ACTION

VERSUS                                               NO. 20-733-SDD-RLB

AGILITY FUEL SYSTEMS, INC., ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is BFI Waste Services, LLC's ("BFI") Motion for Leave to File Complaint of Intervention ("Motion to Intervene) (R. Doc. 12) and BFI's Motion to Remand Case to State Court ("Motion to Remand") (R. Doc. 15). Plaintiff filed a Memorandum in Support of BFI's Motion to Remand. (R. Doc. 18). Defendants filed a Response to BFI's Motion for Intervention and Motion to Remand. (R. Doc. 20).

**I.     Background**

Marco Johnson ("Plaintiff") alleges that he was injured while in the course and scope of his employment at a facility in Baton Rouge, Louisiana, when a compressed natural gas cylinder ruptured. (R. Doc. 1-2). Plaintiff brings product liability claims against the current defendants Agility Fuel Systems, Inc., Agility Fuel Systems, LLC, and Agility Fuel Solutions, LLC, (collectively, the "Agility Defendants"), and the Heil Company d/b/a Heil Environmental ("Heil") (collectively, "Defendants").

The Agility Defendants removed this action, asserting that the Court can exercise diversity jurisdiction solely under 28 U.S.C. § 1332. (R. Doc. 1). The Notice of Removal identifies the Agility Defendants as citizens of Delaware and California, and Heil as a citizen of Delaware and Tennessee. (R. Doc. 1 at 5).

1

BFI now seeks to intervene in this action to obtain reimbursement of indemnity and medical expenses paid to, or on behalf of, Plaintiff under the Louisiana Worker's Compensation Act ("LWCA"). (R. Doc. 12). BFI alleges in its proposed pleading that it is aligned with Plaintiff in this action, and that the amount in controversy with respect to its claim exceeds $75,000.00 (R. Doc. 12-1 at 2-3). BFI further asserts that its intervention is one "of right" under Rule 24 of the Federal Rules of Civil Procedure because it possesses an interest in the monetary damages sought by Plaintiff and its interests are not adequately protected by the other parties. (R. Doc. 12-1 at 2-3). BFI represents that at the time the motion was filed no party voiced an objection to its intervention. (R. Doc. 12 at 1).

With respect to citizenship, BFI asserts that it is a limited liability company that is owned by Allied Waste North America, LLC, which is wholly owned by Allied Waste Industries, LLC, which, in turn, is wholly owned by Republic Services, Inc, a Delaware corporation. (R. Doc. 12-1 at 1-2). Accordingly, BFI has alleged that it is (like the current defendants) a citizen of the State of Delaware.[1]

Given the foregoing, the Court ordered the parties to file briefing addressing whether the addition of BFI as an intervenor in this action would allow the Court to continue exercising subject matter jurisdiction in this action or require dismissal of this action under Rule 19. (R. Doc. 14; *see* R. Doc. 17).

---

[1] The citizenship of a limited liability company is determined by the citizenship of each of its members, not its principal place of business, the state under whose laws it is organized, or its authorization to do business in a certain state. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007). BFI identifies its layers of members, arriving at the corporation Republic Services Inc. The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). While BFI identifies the state of incorporation of Republic Services Inc. (Delaware), it fails to identify the principal place of business of Republic Services Inc. For the purposes of determining whether the Court may continue to exercise supplemental jurisdiction in this action, it is sufficient that BFI has identified itself as a citizen of Delaware.

2

BFI then filed its Motion to Remand, which argues that it should be allowed to intervene, which would subsequently destroy complete diversity and require remand of the action. (R. Doc. 15). Plaintiff adopts the reasoning set forth by BFI in its Motion to Remand. (R. Doc. 18). Defendants filed a Motion for Summary Judgment the same day that BFI filed its Motion to Remand. (R. Doc. 16). In responding to BFI's motions, Defendants argue that the Court should rule on Defendants' Motion for Summary Judgement prior to adjudication of BFI's motions, which would moot the "jurisdictional" issues raised by BFI's proposed intervention and offers that BFI should be allowed to file an amicus brief as a non-party to this action. (R. Doc. 20).

## II. Law and Analysis

### A. Intervention of Right under Rule 24(a)

Rule 24 of the Federal Rules of Civil Procedure governs intervention in this action. In its proposed pleading, and in subsequent briefing, BFI identifies itself as an "intervenor of right" pursuant to Rule 24(a). (R. Doc. 12-1 at 3; R. Doc. 15 at 2). Neither Plaintiff nor Defendants argue otherwise. (*See* R. Docs. 18, 20).

Under the Rule 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001).

Under the LWCA, "[i]f either the employee . . . or the employer or insurer brings suit against a third person . . . he shall forthwith notify the other in writing of such fact and of the

3

name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. 23:1102(A). "Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So. 2d 776, 782 (La. App. 1st Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit. . . .")).

Likewise, a compensation insurer who fails to intervene will be barred from claiming reimbursement. *See Senac v. Sandefer*, 418 So. 2d 543, 545 n.1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 884 (5th Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Allstate Indem. Co. v. Knighten*, 705 So. 2d 240, 242 (La. App. 2nd Cir. 1997) ("While the statutory language is permissive regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.").

4

In light of this jurisprudence, district courts in this Circuit have found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors. *See Fulford v. Climbtek, Inc.*, No. 16-16, 2016 WL 7173780, at * 5 (M.D. La. Dec. 8, 2016) ("Here, ORM alleges that it has paid workers' compensation medical benefits and workers' compensation indemnity benefits under the Louisiana Workers' Compensation Act to and on behalf of Marvin Fulford. Unless ORM is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds ORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2)."); *Johnson v. Qualawash Holdings, LLC*, 990 F. Supp. 2d 629, 640 (W.D. La. Jan. 6, 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance. . . . Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon LLC*, No. 12-287, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.).

Here, BFI seeks "full recovery from defendants to these proceedings for the full amount of any workers' compensation benefits paid of any kind, including indemnity benefits, death benefits, medical benefits, and/or other expenses which have been paid by [BFI] and/or which [BFI] may presently be obligated to pay, and in the future may be obligated to pay, under the Louisiana Workers' Compensation Act." (R. Doc. 12-1 at 5). Unless BFI is allowed to intervene, it will lose its right to reimbursement as a workers' compensation insurer. Accordingly, BFI is an

5

intervenor of right under Rule 24(a)(2). *Grizer v. CF Indus., Inc.*, No. 16-145, 2017 WL 2608860, at *4 (M.D. La. May 26, 2017), *report and recommendation adopted*, 2017 WL 2604257 (M.D. La. June 15, 2017) (citing cases); *see* La. R.S. 23:1102(A)(1).

### B.    Alignment of the Intervenor

Having determined that BFI is an intervenor of right, the Court will turn to whether BFI is properly aligned as a plaintiff or a defendant. BFI's alignment is relevant to a determination of whether the Court can exercise supplemental jurisdiction over BFI's claims under 28 U.S.C. § 1367(b), which provides that a district court shall not have supplemental jurisdiction over claims by parties "seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements" of 28 U.S.C. § 1332.

In its proposed pleading, BFI specifically seeks to align itself with Plaintiff. (R. Doc. 12-1 at 1-3). Neither Plaintiff nor Defendants argue otherwise. (*See* R. Docs. 18, 20).

"In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a 'duty' to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (quoting *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941)). "In this Circuit, 'the generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side.'" *Griffin*, 621 F.3d at 388 (quoting *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984)).

Given that BFI is seeking to recover workers' compensation payments paid to Plaintiff, it is proper to align BFI in this action with Plaintiff. *Grizer*, 2017 WL 2608860, at *5 (aligning workers' compensation insurer seeking recovery of paid benefits with the plaintiff); *see*

6

*Gallodoro v. Walton Isaacson, LLC*, No. 20-2163, 2021 WL 2187927, at *3 (E.D. La. May 28, 2021) (aligning intervening worker's compensation carrier as a plaintiff); *Balboa v. Metso Mins. Indus., Inc.*, No. 18-9968, 2019 WL 8888170, at *3 (E.D. La. Jan. 2, 2019) ("An intervenor who has paid workers compensation benefits to an employee or will pay benefits in the future, and who is seeking to recover those payments and any future payment obligations from a third-party tortfeasor, is properly aligned with the Plaintiff."); *Norwood v. Grocers Supply Co. Inc.*, No. 12-751, 2013 WL 686410, at *1 (W.D. La. Feb. 25, 2013) (aligning intervenors who made worker's compensation payments with the plaintiff); *Head v. Chesapeake Operating, Inc.,* No. 10o0444, 2010 WL 2246394, *1 (W.D. La. May 26, 2010) ("The worker's compensation intervenor in a case like this is aligned as a plaintiff, so its citizenship must be diverse from that of all defendants or diversity will be destroyed."); *Dushane v. Gallagher Kaiser Corp*., No. 05-0171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) (aligning employer who alleged to be self-insured for workers' compensation liabilities with the plaintiffs).

In sum, BFI is properly aligned as a plaintiff in this action.

### C.     Supplemental Jurisdiction Under 28 U.S.C. § 1367(b)

Having concluded that BFI is properly aligned as a plaintiff in this action, the Court must now determine whether it can properly exercise supplemental jurisdiction over BFI's claims.[2] The supplemental jurisdiction statute provides that "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 . . . the district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be

---

[2] The Court finds it inappropriate to ignore the "jurisdictional issue" of whether BFI's proposed intervention has an effect on this Court's subject matter jurisdiction and instead first proceed to the merits of Defendants' Motion for Summary Judgment.

7

inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. 1367(b); *see Griffin*, 621 F.3d at 386 ("[W]hile Congress codified the concepts of pendent and ancillary jurisdiction in § 1367(a), it apparently chose to circumscribe such jurisdiction in § 1367(b) with respect to plaintiff intervenors.").

As discussed above, there is no dispute that BFI (like the current defendants) is a citizen of the State of Delaware.

For a district court to properly exercise supplemental jurisdiction over the claims of a plaintiff intervenor, there must be complete diversity between all plaintiffs and all defendants. *See Head*, 2010 WL 2246394, at *1 ("The worker's compensation intervenor in a case like this is aligned as a plaintiff, so its citizenship must be diverse from that of **all** defendants or diversity will be destroyed.") (emphasis added); *see Brown v. Sullair, LLC*, No. 13-2388, 2015 WL 9261354, at *2 (W.D. La. Nov. 17, 2015) ("'Complete diversity'" requires that no defendant can be from the same state as any plaintiff.") (citing *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)); *Chesapeake Louisiana, L.P. v. Buffco Prod., Inc.*, 564 Fed. App'x 751, 756 (5th Cir. 2014) ("First, original jurisdiction under § 1332 was destroyed because the parties were no longer diverse… Second, § 1367(a)'s supplemental jurisdiction provision does not afford jurisdiction over the Geisler Unit claims because Harleton's participation as a plaintiff-intervenor would be inconsistent with the requirements of § 1332."); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Because BFI is aligned as a plaintiff in these proceedings, it is not diverse from Defendants. Accordingly, the Court must deny BFI's Motion to Intervene because exercising

8

supplemental jurisdiction over its claims under 28 U.S.C. § 1367(b) would be inconsistent with the exercise of diversity jurisdiction under 28 U.S.C. § 1332.

### D.    Dismissal under Rule 19(b)

"When considering a request to intervene pursuant to Rule 24 we must also consider the ramification of Rule 19 joinder issues to balance the interests of parties and non-parties to a suit. The propriety of joinder may be raised *sua sponte*." *Brown*, 2015 WL 9261354, at *2 (citing *Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir. 1986); *McKenzie v. EOG Res. Inc.*, No. 08-0308, 2008 WL 1995145, at *1 (W.D. La. May 7, 2008); *Johnson*, 990 F. Supp. 2d at 635-46)); *Youngblood*, 2014 WL 2547588, at *4 ("[W]hen faced with a diversity-destroying potential intervenor, we are required to consider whether the party seeking to intervene is a required party under Rule 19. When the diversity-destroying potential intervenor is a required party in whose absence an adequate judgment cannot be rendered, under Rule 19, the lawsuit cannot proceed in that party's absence and the suit must be dismissed for lack of complete diversity.").

Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b).

As discussed above, BFI is an intervenor of right because, unless allowed to intervene, it will lose its right to seek reimbursement under Louisiana law. Accordingly, BFI's absence from this suit would prejudice BFI's ability to protect its interests. *See Brown*, 2015 WL 9261354, at *3 (finding that worker's compensation insurer and employer were required to be joined because "failure by the payors to intervene in the employee's suit bars them from bringing a separate suit against the tortfeasor. Therefore [the intervenors'] absence from this suit would preclude their ability to protect their interest on the worker's compensation claim as they cannot bring a separate suit in state court to recover the benefits they paid to Brown.") (citations omitted); *Combs v. Southland Process Group LLC*, 2017 WL 3405321, at *5 (W.D. La. July 10, 2017) (finding that worker's compensation insurer was a required party under Rule 19 because "disposition of the action would impair or impede [the intervenor's] ability to protect its interest. Most significantly, under the LWCA, [the intervenor] would lose its right to recover if it did not intervene in the instant suit.").

Under these circumstances, the undersigned finds that BFI is a required party whose joinder is not feasible (based on this court's lack of supplemental jurisdiction over BFI's claims). Dismissal of the action under Rule 19(b) is appropriate. *Grizer*, 2017 WL 2608860, at *5-7.

BFI and Plaintiff argue that this action should be remanded to State court rather than dismissed without prejudice. (*See* R. Doc. 15-1 at 6-7; R. Doc. 18). The Court is aware that certain decisions have relied upon 28 U.S.C. § 1447(e) to remand, rather than dismiss, suits involving a plaintiff-intervenor found to be indispensable under Rule 19(b). *See*, *e.g.*, *Combs v. Southland Process Grp. L.L.C.*, No. 17-0239, 2017 WL 3405321, at *6 (W.D. La. July 10, 2017), *report and recommendation adopted sub nom. Combs v. Southland Process Grp. LLC*, 2017 WL 3401519 (W.D. La. Aug. 8, 2017). Section 1447(e) provides that "[i]f after removal the plaintiff

10

seeks to join additional <u>defendants</u> whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court." 28 U.S.C. § 1447(e) (emphasis added). Rule 19(b), on the other hand, requires dismissal when "a person who is required to be joined . . . cannot be joined." Fed. R. Civ. P. 19(b).

The district judge in this action has already found it appropriate to dismiss a removed action without prejudice under the circumstances. *Grizer*, 2017 WL 2604257, at *1 ("Given that the clear language of 28 U.S.C. § 1447(e) states that its applicability is limited to non-diverse defendants, and [the intervenor-plaintiff] is not a defendant, Rule 19(b) of the Federal Rules of Civil Procedure clearly requires dismissal."); *see also Brown v. Sullair, LLC*, No. 13-2388, 2015 WL 9261354, at *3-4 (W.D. La. Nov. 17, 2015) (remand under Section 1447(e) is appropriate only where the plaintiffs seeks to join additional non-diverse defendants), *report and recommendation adopted*, 2015 WL 9261310 (W.D. La. Dec. 17, 2015); *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 641 (W.D. La. 2014) ("It is never desirous to dismiss an action in this manner after over a year of litigation, much of which has focused primarily on the plaintiffs' and ICSP's attempts to have this action remanded to state court. Nevertheless, the application of Rule 19 is concerned with both pragmatism and the balancing of the competing interests of parties and non-parties, alike. As such, the court has no choice but to dismiss the action.") (internal citations omitted); *Passek v. Brock Services, LLC*, No. 15-2561, 2016 WL 3620809, at * 3 (W.D. La. May 23, 2016) ("While movers seek remand, Rule 19(b) clearly requires dismissal when 'a person who is required to be joined ... cannot be joined.' "), *report and recommendation rejected in part on other grounds*, 2016 WL 3648265 (W.D. La. June 28, 2016)).

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that BFI's Motion for Leave to File Complaint of Intervention (R. Doc. 12) and BFI's Motion to Remand Case to State Court (R. Doc. 15) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims in this action be **DISMISSED WITHOUT PREJUDICE** because BFI is an intervenor of right pursuant to Rule 24(a), and a required party whose joinder is not feasible under Rule 19(b).

Signed in Baton Rouge, Louisiana, on September 7, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**